UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIM SHIH,

Plaintiff,

-v-

ARTISTS & FLEAS CHELSEA MARKET and JAMESTOWN LP,

Defendants.

25 Civ. 7671 (JPC) (SDA)

ORDER ADOPTING REPORT AND RECOMMENDATION

JOHN P. CRONAN, United States District Judge:

Plaintiff Pim Shih, proceeding *pro se*, brings this action against Defendants Artists & Fleas Chelsea Market and Jamestown LP ("Jamestown") alleging discrimination based on his race, color, religion, and national origin in violation of Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, as well as intentional infliction of emotional distress ("IIED") and negligent hiring, training, supervision, and retention. Dkt. 1 ("Complaint"). Jamestown moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkts. 13-15. On July 3, 2026, the Honorable Stewart D. Aaron, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned

[1] Defendant Artists & Fleas Chelsea Market has not appeared in this action and appears not to have been served with the Complaint and Summons. *See* Dkt. 23 (U.S. Marshal's Process Receipt and Return of Service Unexecuted). Nonetheless, the Court notes that certain pleading deficiencies identified in the Report and Recommendation and in this Order apply to that Defendant as well.

grant Jamestown's motion as to Plaintiff's IIED and negligent hiring claims and deny the motion as to the remainder of his claims. Dkt. 22 ("R&R") at 13.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. R&R at 13-14. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Plaintiff, who is Asian-American and a practicing Christian, alleges that, while a customer at the Artists & Fleas marketplace, the marketplace's on-site manager confronted him without provocation and stated, "I hate Asian people," and ordered him to leave the premises. Complaint at 2; *see* R&R at 2.[2] The

[2] The Court takes these allegations from the Complaint, Dkt. 1, and, only for purposes of this motion, accepts them as true and draws all reasonable inferences in Plaintiff's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

Report and Recommendation correctly concluded that these allegations, taken as true, plausibly state a claim of race discrimination against Jamestown under both Title II and Section 1981. *See* R&R at 7. The Report and Recommendation also correctly observed that these allegations, without more, do not plausibly allege that Plaintiff's expulsion was motivated by his religion. *See id.* at 6. As to Plaintiff's claim under the NYSHRL, the Report and Recommendation properly considered the additional factual allegations Plaintiff raised in his *pro se* brief in opposition to dismissal, *see id.* at 9 (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)), and, crediting those additional allegations, correctly found that Plaintiff has plausibly alleged that Jamestown subsequently condoned the manager's discriminatory conduct by failing to investigate, discipline the manager, or otherwise respond to Plaintiff's complaint, *see id.* at 8-9. Finally, the Report and Recommendation correctly concluded that Plaintiff's conclusory allegations of "humiliation," "emotional distress," and "reputational harm" do not satisfy the pleading standard for IIED, *see id.* at 10-11, and that Plaintiff has not plausibly alleged that Jamestown knew or should have known of the on-site manager's propensity for the alleged conduct at issue, as required to state a claim for negligent hiring, training, supervision, or retention, *see id.* at 11-12.

Accordingly, the Court adopts the Report and Recommendation in its entirety and grants Jamestown's motion to dismiss Plaintiff's claims against Jamestown for IIED and negligent hiring, supervision, and retention. The Court also grants Jamestown's motion as to Plaintiff's claims of discrimination based on his religion. The Court otherwise denies the motion to dismiss. Plaintiff is granted leave to amend his claims for IIED, negligent hiring, training, supervision, and retention, and religion-based discrimination. In any Amended Complaint, Plaintiff also may address any pleading deficiencies identified herein and in the Report and Recommendation to the extent they apply to Defendant Artists & Fleas Chelsea Market.

Plaintiff's Amended Complaint is due within fourteen days of this Order. The Clerk of Court is respectfully directed to close Docket Number 13.

SO ORDERED.

Dated: July 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge