**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

**PIM SHIH**,
*Plaintiff*,
v.
**ARTISTS & FLEAS CHELSEA MARKET, and JAMESTOWN LP**,
*Defendants*.
**Case No. 1:25-cv-07671-JPC-SDA**

**LETTER-MOTION PURSUANT TO SDNY LOCAL CIVIL RULE 6.3 FOR RECONSIDERATION AND MODIFICATION OF ORDER ECF NO. 37; IN THE ALTERNATIVE FOR EVIDENCE PRESERVATION AND LIMITED PRODUCTION**

Application DENIED AS MOOT. Defendant Artists & Fleas Chelsea Market having been served on October 1, 2026 (*see* Marshal's Process Receipt, ECF No. 40), the Court has scheduled an Initial Pretrial Conference in accordance with Rule 16(b). (*See* 10/13/26 Order, ECF No. 41.) There is no imminent risk of spoliation as Defendant Jamestown has appeared in this action and already is on notice of its obligation to preserve relevant evidence. SO ORDERED.
Dated: October 13, 2026

**Honorable Stewart D. Aaron**
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 400
New York, NY 10007
*Re: Shih v. Jamestown LP et al., Case No. 1:25-cv-07671-JPC-SDA*

Dear Judge Aaron:

Pursuant to Southern District of New York Local Civil Rule 6.3, Plaintiff Pim Shih, proceeding *pro se*, respectfully moves this Court for reconsideration and modification of the Order entered September 21, 2026, at ECF No. 37 ("Order"), which granted Defendant Jamestown LP's ("Jamestown") application to delay the Rule 16 case-management conference.

## I. RECONSIDERATION IS WARRANTED TO CORRECT A PROCEDURAL INTAKE LAG

As a threshold matter, reconsideration is appropriate here because a severe procedural timeline mismatch occurred. On September 17, 2026, Defendant Jamestown filed its application to stay proceedings (ECF No. 36). Plaintiff prepared and submitted a timely opposition on that same day, September 17, 2026 (ECF No. 38). However, because Plaintiff is a *pro se* litigant relying on the Pro Se Intake Unit's email processing queue, there was an administrative lag before the filing cleared intake.
As a direct result of this processing queue, the Court entered its Order (ECF No. 37) before Plaintiff's opposing letter posted to the public docket. Because the decision issued without the Court having had the opportunity to review Plaintiff's timely opposing arguments, this administrative sequence constitutes an "overlooked matter" within the explicit meaning of Local Civil Rule 6.3.

## II. PLAINTIFF ASSERTS DIRECT CLAIMS INDEPENDENT OF THE UNSERVED CO-DEFENDANT

Substantively, a total stay of pretrial activity inflicts severe, ongoing prejudice on Plaintiff. As District Judge Cronan expressly ruled in the July 21, 2026 Order (ECF No. 24), Plaintiff's surviving claims under Title II, 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL") include **direct, independent claims against Jamestown** in its separate capacity as the managing entity of Chelsea Market.
These surviving claims rest squarely on Jamestown's own independent corporate omissions—specifically, its failure to receive, investigate, document, or remedy reported patron discrimination after Plaintiff submitted formal written complaints on August 29, 2025, and September 3, 2025. These direct claims do

not depend on a prior finding of liability against the unserved co-defendant, Artists & Fleas Chelsea Market. Jamestown's internal crossclaims for indemnity (ECF No. 28) are an internal dispute between defendants and should not be used to paralyze Plaintiff's primary claims against an active, appearing defendant that entered an appearance over a month ago.

To demonstrate that the core discovery track targets Jamestown's independent corporate conduct and internal records, Plaintiff attaches three illustrative, unserved draft discovery documents originally prepared for the August 19, 2026 Rule 26(f) meet-and-confer process (ECF No. 35, Ex. A):

- **Exhibit 1:** Plaintiff's First Set of Interrogatories (Draft, Aug. 19, 2026) — probing Jamestown's corporate structure, property management authority, and complaint-handling protocols.
- **Exhibit 2:** Plaintiff's First Set of Requests for Admission (Draft, Aug. 19, 2026) — seeking admissions on Jamestown's receipt and handling of Plaintiff's written complaints.
- **Exhibit 3:** Plaintiff's First Set of Requests for Production (Draft, Aug. 19, 2026) — targeting materials within Jamestown's exclusive possession, custody, and control, including complaint tracking logs and property management agreements.

## III. ALTERNATIVE RELIEF IS CRITICAL TO PREVENT THE IMMINENT RISK OF SPOLIATION

If the Court declines to modify its Order delaying the Rule 16 conference, Plaintiff respectfully requests the alternative relief set forth below.

To date, Jamestown's counsel has **declined to provide a formal evidence preservation confirmation letter** regarding the closed-circuit television (CCTV) surveillance footage capturing the August 26, 2025 incident. Forcing Plaintiff to wait until after the November 10, 2026 U.S. Marshals service deadline exposes the most critical, time-sensitive electronic evidence in this case to automated deletion loops, hard drive overwrites, and catastrophic corporate spoliation. Jamestown is fully capable of safeguarding and producing its own internal records right now.

## IV. CONCLUSION AND REQUESTED RELIEF

Accordingly, Plaintiff respectfully requests that the Court enter an order granting the following relief:

**PRIMARY RELIEF:**

1. Reconsider and modify ECF No. 37, and schedule a Rule 16 case-management conference limited to the currently appearing active parties (Plaintiff and Jamestown LP), with an explicit stipulation that the resulting scheduling track may be modified once co-defendant Artists & Fleas is served and appears. Federal Rule of Civil Procedure 16(b) permits routine modification of scheduling orders once new parties are added to an action, which avoids the duplicative proceedings concern referenced in ECF No. 37.
2. Refer the active parties to an early court-annexed settlement conference limited to the bilateral claims between Plaintiff and Jamestown LP.

**ALTERNATIVE RELIEF (IF THE COURT DEFERS THE RULE 16 CONFERENCE):**

3. Enter an Order compelling Jamestown LP to strictly preserve all potentially relevant electronic and physical evidence, and to immediately produce a narrow set of three high-priority materials uniquely within its possession, custody, or control. These records are all within Jamestown's possession, custody or control and do not require any participation from Artists & Fleas for preservation or production:

- **(a)** The fully executed Artists & Fleas retail lease (including all operational exhibits and amendments);

- **(b)** All CCTV preservation protocols and any existing actual surveillance footage capturing the sales floor during the August 26, 2025 incident window (2:00 PM – 2:30 PM EST); and
- **(c)** All customer-complaint-tracking logs or incident logs regarding patron discrimination or wrongful ejections covering January 1, 2023, through August 31, 2025.

Plaintiff has acted in persistent good faith to advance case planning, while Jamestown has continuously refused to engage in the mandatory Rule 26(f) framework since August 19, 2026. This narrow, alternative relief will completely eliminate the threat of spoliation and mitigate unfair prejudice during the court-ordered hiatus.

Respectfully submitted,

/s/ Pim Shih
Dated: September 22, 2026
**Pim Shih, Plaintiff Pro Se**
6 Pine Tree Terrace
Holmdel, NJ 07733
Telephone: (732) 533-3362
Email: pimshihmain@gmail.com

**cc:** Maria Papasevastos, Esq., Seyfarth Shaw LLP (Counsel for Defendant Jamestown LP)

---

**PLAINTIFF'S INDEX OF EXHIBITS**

**EXHIBIT 1 :** Plaintiff's First Set of Interrogatories (Draft) targeting Jamestown LP corporate structure, property management agreement authority, and internal complaint handling protocols.

**EXHIBIT 2:** Plaintiff's First Set of Requests for Admission (Draft) targeting Admissions regarding Jamestown's receipt of complaints, lack of internal investigation, and custody of lease documents.

**EXHIBIT 3:** Plaintiff's First Set of Requests for Production of Documents (Draft) targeting specific demands for defendant Jamestown LP for the fully executed retail lease, CCTV preservation logs, and historical customer complaint tracking data.

**Exhibit 1: Plaintiff's First Set of Interrogatories (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIM SHIH,
Plaintiff,
v.
JAMESTOWN LP and JAMESTOWN COMMERCIAL MANAGEMENT COMPANY L.P.,
Defendants.

Case No.: 1:25-cv-07671-JPC-SDA

PLAINTIFF PIM SHIH'S FIRST SET OF REQUESTS FOR INTERROGATORIES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 33

TO: Maria Papasevastos, Counsel for Defendants Jamestown LP & Jamestown Commercial Management Company L.P.
SENT VIA EMAIL PURSUANT TO MEET AND CONFER, PRIOR TO FORMAL COURT SERVICE

## DEFINITIONS AND INSTRUCTIONS

1. **"Incident"** refers to the interactions and events occurring on August 26, 2025, between approximately 2:00 PM and 2:30 PM, at the retail space operated as Artists & Fleas within the CM Retail Component, involving Plaintiff Pim Shih and on-site retail personnel.
2. **"PMA"** refers to the Amended & Restated Property Management Agreement dated April 7, 2022, governing retail operations at CM Retail Component located at Case No. 1:25-cv-07671-JPC-SDA, at **Docket Entry 15, Exhibit A**.
3. **"CM Retail Component"** shall have the same meaning as defined in the PMA.
4. **"Identify"** when used in reference to an individual means to state their full name, job title, employment dates, business address, and direct supervisor.
5. **"Document"** has the same comprehensive meaning as defined in Federal Rule of Civil Procedure 34(a)(1)(A).
6. **"DEFENDANT," "YOU," or "YOUR"** shall mean Defendant Jamestown, L.P., its parent corporations, subsidiaries, affiliates, predecessors, successors, and specifically includes **Jamestown Commercial Management Company, L.P. (JCMC)**, as well as all officers, directors, employees, agents, property managers, and representatives acting on behalf of any of these entities.
7. "**Jamestown Entities**" means collectively Defendant Jamestown L.P., Defendant Jamestown Commercial Management Company L.P. ("JCMC"), and any of their respective parents, subsidiaries, divisions, affiliates, predecessors, successors-in-interest, agents, property-management contractors, and any entity whose acts or omissions are imputed to Defendants under agency or alter-ego principles.
8. **"THE AGREEMENT" or "PMA"** shall mean the Amended and Restated Property Management Agreement executed between Manhattan Chelsea Market LLC and Jamestown Commercial Management Company, L.P. (p. 28), including all amendments, exhibits, and operational guidelines.
9. "Including" means "including, but not limited to."
10. "Possession, custody or control" means information or documents that Defendant or any Jamestown Entity possesses, or has the legal authority to obtain, regardless of whether physical custody resides with a related corporate affiliate, agent or contractor. All answers shall include information within Defendant's possession, custody or control.

**Exhibit 1: Plaintiff's First Set of Interrogatories (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**List of Interrogatories**

1. State Jamestown LP's full legal name, all trade names, state of formation, registered agent, principal business address, and all subsidiaries, affiliates, divisions, or LLCs created or controlled by Jamestown LP at any time from January 1, 2024 to present that hold any ownership, operational, or management interest in Chelsea Market or the CM Retail Component. For each affiliate/subsidiary, state its legal name, formation date, and relationship to Jamestown LP.

2. Describe every individual at Jamestown LP with authority to approve, modify, or override JCMC's retail personnel policies, anti-discrimination training rules, customer grievance procedures, and legal compliance standards for CM Retail Component.

3. Describe all oversight mechanisms, reporting requirements, or corporate audits Jamestown LP implemented to monitor JCMC compliance with civil rights laws at Artist and Fleas (CM Retail Component ) between January 1, 2024 and December 31, 2025.

4. Describe every Jamestown LP employee or executive who received, reviewed, or took any action on Plaintiff's August 29, 2025 and September 3, 2025 discrimination complaint emails. For each person, state their title, date they received the email, and all steps they took in response.

5. Explain all corporate policies, written protocols, or training mandates Jamestown LP required JCMC to implement to prevent discrimination (including race discrimination) by Artist and Fleas (CM Retail Component) retail staff prior to August 26, 2025.

6. Describe the full scope of authority Jamestown LP delegates to JCMC to control tenant employee conduct, customer access, and day-to-day retail operations inside CM Retail Component under the PMA.

**Exhibit 1: Plaintiff's First Set of Interrogatories (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

7. Identify by section number every provision of the April 7, 2022 PMA that grants JCMC authority to hire, supervise, discipline, or terminate retail tenant staff, and describe how those provisions were operationally executed prior to August 26, 2025.

8. If no written PMA provision grants such authority stated in interrogatory #7 , describe any actual practice, informal policy, or course-of-conduct by which JCMC exercised any such authority over retail-tenant staff at Artists & Fleas prior to August 26 2025

9. Describe step-by-step JCMC's mandatory process for receiving, documenting, investigating, and resolving customer complaints alleging racial or religious discrimination at CM Retail Component retail locations as of August 2025.

10. Describe all written anti-discrimination training materials, employee handbooks, public posting notices, and compliance checklists JCMC distributed to CM Retail Component retail staff and tenants prior to August 26, 2025.

11. Explain all corrective actions JCMC took (or declined to take) after receiving Plaintiff's August 29 and September 3, 2025 written discrimination reports, including any internal interviews, disciplinary reviews, policy updates, or outreach to Plaintiff.

12. Describe every power JCMC possesses under the PMA to restrict, suspend, or terminate Artists & Fleas' lease rights for discriminatory conduct by its on-site managers or employees.

13. Describe all JCMC staff tasked with monitoring tenant employee behavior, enforcing anti-discrimination rules, and conducting routine compliance audits at CM Retail Component retail vendors including Artists & Fleas.

14. Describe the operational status, camera fields of view, and automated retention loops for the CCTV system monitoring Artists & Fleas on August 26, 2025.

15. Describe whether Jamestown staff accessed, viewed, copied, backed up, ordered erased, or ordered overwritten the August 26, 2:00–2:30 PM CCTV footage from Artists & Fleas. If yes, list all employee names, dates of access, and exact actions taken with the video.

**Exhibit 1: Plaintiff's First Set of Interrogatories (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

16. Describe all non-Asian customers captured on CCTV or identified via staff witness statements present inside Artists & Fleas 2:00–2:30 PM August 26, 2025. For each non-Asian patron, describe their conduct and confirm whether any staff ordered them to leave.

17. Describe each reason, fact, or circumstance for which Jamestown LP staff failed to reply to Plaintiff regarding his August 29 and September 3 complaint emails concerning the Incident.

18. Describe any store-wide disruption, capacity issue, or mandatory customer removal policy active between 2–2:30 PM August 26 that would apply equally to Asian and non-Asian patrons. If none existed, state that explicitly.

19. Identify each and every action YOU or YOUR personnel took, or were authorized to take but failed to take, pursuant to Section 4.1.1 (Enforcement) and Section 4.1.4 (Compliance with Laws) of THE AGREEMENT to investigate, remedy, or address complaints of racial discrimination within the spaces occupied by tenant Artists & Fleas Chelsea Market between August 1, 2025 and the present date.

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are required to serve your written answers and objections to these Interrogatories, under oath, upon the Plaintiff within thirty (30) days after the service hereof.

Dated: August 19, 2026

Respectfully submitted,

________________________

Pim Shih
Plaintiff, Pro Se
6 Pine Tree Terrace
Holmdel , NJ 07733
pimshihmain@gmail.com

**Exhibit 1: Plaintiff's First Set of Interrogatories (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Shih v. Artists & Fleas Chelsea Market et al
Case 1:25-cv-07671-JPC-SDA

**CERTIFICATE OF SERVICE**
I hereby certify that on this 19 day of August, 2026, a true and correct copy of the foregoing Plaintiff's First Set of Interrogatories was served upon counsel for Defendant via email addressed to:
Maria Papasevastos
Seyfarth Shaw LLP

Pim Shih
Plaintiff, Pro Se

**Exhibit 2: Plaintiff's First Set of RFA (Draft, August 19 2026).**

**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIM SHIH,
Plaintiff,
v.
JAMESTOWN LP and JAMESTOWN COMMERCIAL MANAGEMENT COMPANY L.P.,
Defendants.

Case No.: 1:25-cv-07671-JPC-SDA

PLAINTIFF PIM SHIH'S FIRST SET OF REQUESTS FOR ADMISSION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 36

TO: Maria Papasevastos, Counsel for Defendants Jamestown LP & Jamestown Commercial Management Company L.P.
SENT VIA EMAIL PURSUANT TO MEET AND CONFER

**DEFINITIONS AND INSTRUCTIONS**

1. **"Incident"** refers to the interactions and events occurring on August 26, 2025, between approximately 2:00 PM and 2:30 PM, at the retail space operated as Artists & Fleas within the CM Retail Component, involving Plaintiff Pim Shih and on-site retail personnel.
2. **"PMA"** refers to the Amended & Restated Property Management Agreement dated April 7, 2022, governing retail operations at CM Retail Component located at Case No. 1:25-cv-07671-JPC-SDA, at **Docket Entry 15, Exhibit A**.
3. **"CM Retail Component"** shall have the same meaning as defined in the PMA.
4. **"Identify"** when used in reference to an individual means to state their full name, job title, employment dates, business address, and direct supervisor.
5. **"Document"** has the same comprehensive meaning as defined in Federal Rule of Civil Procedure 34(a)(1)(A).
6. **"DEFENDANT," "YOU," or "YOUR"** shall mean Defendant Jamestown, L.P., its parent corporations, subsidiaries, affiliates, predecessors, successors, and specifically includes **Jamestown Commercial Management Company, L.P. (JCMC)**, as well as all officers, directors, employees, agents, property managers, and representatives acting on behalf of any of these entities.
7. "**Jamestown Entities**" means collectively Defendant Jamestown L.P., Defendant Jamestown Commercial Management Company L.P. ("JCMC"), and any of their respective parents, subsidiaries, divisions, affiliates, predecessors, successors-in-interest, agents, property-management contractors, and any entity whose acts or omissions are imputed to Defendants under agency or alter-ego principles.
8. **"THE AGREEMENT" or "PMA"** shall mean the Amended and Restated Property Management Agreement executed between Manhattan Chelsea Market LLC and Jamestown Commercial Management Company, L.P. (p. 28), including all amendments, exhibits, and operational guidelines.
9. "Including" means "including, but not limited to."
10. "Possession, custody or control" means information or documents that Defendant or any Jamestown Entity possesses, or has the legal authority to obtain, regardless of whether physical custody resides with a related corporate affiliate, agent or contractor. All answers shall include information within Defendant's possession, custody or control.

**Exhibit 2: Plaintiff's First Set of RFA (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**List of RFA**

1. Admit that Jamestown L.P. ("Jamestown LP") is the sole parent entity of Jamestown Commercial Management Company L.P. ("JCMC").

2. Admit all officers, directors, managing members, and decision-making executives of JCMC report directly or indirectly to executives of Jamestown LP.

3. Admit the Amended & Restated Property Management Agreement (PMA) dated April 7, 2022 between Manhattan Chelsea Market LLC and JCMC governs all retail operations at CM Retail Component as of August 26, 2025. ( PMA located at Case number 1:25-cv-07671-JPC-SDA, Docket 15, Exhibit A )

4. Admit whether JCMC in practice exercised any authority to direct, supervise, or impose discipline upon employees employed by retail-tenants within the CM Retail Component including Artists & Fleas.

5. Admit Jamestown LP exercises final oversight authority over all contractual obligations, compliance policies, personnel rules, and third-party customer grievance procedures adopted by JCMC for CM Retail Component.

6. Admit Section 4.14.1 of the PMA requires JCMC to use commercially reasonable efforts to cause the CM Retail Component to comply with applicable federal, state and local statutes, laws, rules and regulations.

7. Admit Jamestown LP maintains Employment Practices Liability insurance policy covering third-party discrimination claims arising from JCMC's management of CM Retail Component retail operations.

8. Admit that the Jamestown Entities received the written discrimination complaint email sent by Plaintiff on August 29, 2025.

9. Admit that the Jamestown Entities received the written discrimination complaint email sent by Plaintiff on September 3, 2025.

10. Admit that neither Jamestown LP nor JCMC conducted a formal internal investigation regarding the Incident.

11. Admit that no disciplinary action was taken against any employee or retail staff member as a result of the Incident.

12. Admit that the Jamestown Entities did not modify, update, or supplement their anti-discrimination policies following receipt of Plaintiff's written complaints.

13. Admit that neither Jamestown LP nor JCMC issued a formal written response or remedy to Plaintiff regarding the August 2025 complaints.

14. Admit that JCMC is contractually responsible for handling customer complaints originating within the CM Retail Component pursuant to Section 4.1.4 of the PMA.

15. Admit that employee conduct policies and standards for retail staff at the CM Retail Component are subject to Jamestown LP's corporate oversight.

16. Admit that JCMC is responsible for implementing and enforcing employee conduct standards within the CM Retail Component.

17. Admit that Jamestown LP exercises ultimate operational control over JCMC's compliance with civil rights laws under the PMA.

18. Admit that the CM Retail Component is a commercial facility open to the general public for shopping, dining, and entertainment.

**Exhibit 2: Plaintiff’s First Set of RFA (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

19. Admit that JCMC controls, manages, and operates the day-to-day public retail and common areas within the CM Retail Component pursuant to the PMA.

20. Admit that the individual manager who interacted with Plaintiff at Artists & Fleas on August 26, 2025, was an on-site retail personnel subject to JCMC’s supervisory or disciplinary authority under the PMA.

21. Admit that the individual manager told Plaintiff to leave the Artists & Fleas premises on August 26, 2025.

22. Admit that the individual manager expressed hostility toward Plaintiff's racial background during the Incident.

23. Admit that the individual manager's interaction with Plaintiff resulted in Plaintiff leaving the premises before completing his visit.

24. Admit that the retail space occupied by the tenant known as Artists & Fleas is physically located within the CM Retail Component and is subject to JCMC's property management under the PMA.

25. Admit Manhattan Chelsea Market LLC executed a written retail lease with Artists & Fleas Chelsea Market for the 75 9th Ave Chelsea Market store location.

26. Admit Jamestown (JCMC) received a full copy of the Artists & Fleas retail lease and has custody/control of the full lease document.

27. Admit the Artists & Fleas lease contains provisions requiring the tenant to comply with federal/state anti-discrimination public accommodation laws.

28. Admit JCMC has contractual authority under the PMA to audit, modify, or terminate the Artists & Fleas lease if the tenant engages in unlawful discriminatory conduct toward patrons.

29. Admit Jamestown LP retains ultimate authority to enforce all tenant lease compliance obligations, including anti-discrimination rules.

30. Admit Chelsea Market and Artists & Fleas maintain closed-circuit television (CCTV) surveillance cameras inside the Artists & Fleas retail sales floor covering the area where the August 26, 2025, 2:00–2:30 PM incident occurred.

31. Admit CCTV footage capturing the August 26, 2025 , 2:00–2:30 PM incident was recorded and stored by Jamestown / Artists & Fleas surveillance systems.

32. Admit no written retention policy exists authorizing permanent deletion or erasure of CCTV footage capturing patron altercations or discriminatory incidents with customers.

33. Admit Jamestown directed Artists & Fleas to delete, overwrite, erase, or otherwise destroy any CCTV video footage from August 26, 2025 depicting the incident with Plaintiff.

34. Admit that the CCTV footage capturing the Artists & Fleas retail floor on August 26, 2025, between 2:00 PM and 2:30 PM no longer exists.

35. Admit Jamestown did not preserve, back up, or archive the August 26, 2025 , 2–2:30 PM EST CCTV footage prior to any automatic or manual deletion.

36. Admit multiple non-Asian customers were present inside Artists & Fleas between 2:00 PM and 2:30 PM on August 26, 2025, during the interaction with Plaintiff.

37. Admit all non-Asian customers present in the store during that window were permitted to browse, converse with staff, and remain on the premises without being ordered to leave.

**Exhibit 2: Plaintiff's First Set of RFA (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

38. Admit no non-Asian customer present during the incident was subjected to anti-Asian racial slurs or any comparable hostile racial comment by store management.

39. Admit the manager who expelled Plaintiff never instructed any non-Asian patron present at 2:00–2:30 PM August 26, 2025 to exit the store.

40. Admit no uniform store rule, capacity limit, safety issue, or business protocol in effect August 26, 2025 required removal of all customers between 2–2:30 PM that would apply equally to Asian and non-Asian shoppers.

41. Admit that no conduct-related act committed by Plaintiff between 2:00 PM-2:30 PM on August 26, 2025 would justify ordering Plaintiff to leave Artists & Fleas while contemporaneously permitting non-Asian patrons to remain and shop on-site.

42. Admit that pursuant to Section 4.1.1 (Enforcement) of the Amended and Restated Property Management Agreement (PMA)**,** you are contractually obligated to take all proper and necessary actions to enforce the terms, operational rules, and compliance frameworks governing all retail leases within the Chelsea Market Retail Component, including the space leased to Co-Defendant Artists & Fleas Chelsea Market

43. Admit that you received a formal or informal incident report, customer complaint, or notification regarding the verbal altercation and ejection of Plaintiff Pim Shih from the Artists & Fleas Chelsea Market premises on or immediately after August 26, 2025

44. Admit that under Section 4.1.4 (Compliance with Laws) of the Amended and Restated Property Management Agreement (PMA)**,** you are responsible for ensuring that the operations of the retail component, including spaces leased to tenants, comply with federal, state, and local public accommodation laws.

**Exhibit 2: Plaintiff's First Set of RFA (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, you are required to serve your written answers or objections to these Requests for Admission upon the Plaintiff within thirty (30) days after the service hereof. Failure to timely respond will result in each matter being deemed admitted as a matter of law.

Dated: August 19, 2026

Respectfully submitted,

________________________

Pim Shih
Plaintiff, Pro Se
6 Pine Tree Terrace
Holmdel , NJ 07733
pimshihmain@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Shih v. Artists & Fleas Chelsea Market et al
Case 1:25-cv-07671-JPC-SDA

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19 day of August, 2026, a true and correct copy of the foregoing Plaintiff's First Set of Admission was served upon counsel for Defendant via email addressed to:
Maria Papasevastos
Seyfarth Shaw LLP

Pim Shih
Plaintiff, Pro Se

Exhibit 3: Plaintiff's First Set of RFD (Draft, August 19 2026).
Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIM SHIH,
Plaintiff,
v.
JAMESTOWN LP and JAMESTOWN COMMERCIAL MANAGEMENT COMPANY L.P.,
Defendants.

Case No.: 1:25-cv-07671-JPC-SDA

PLAINTIFF PIM SHIH'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 34

TO: Maria Papasevastos, Counsel for Defendants Jamestown LP & Jamestown Commercial Management Company L.P.
SENT VIA EMAIL PURSUANT TO MEET AND CONFER, PRIOR TO FORMAL COURT SERVICE

**DEFINITIONS AND INSTRUCTIONS**

1. **"Incident"** refers to the interactions and events occurring on August 26, 2025, between approximately 2:00 PM and 2:30 PM, at the retail space operated as Artists & Fleas within the CM Retail Component, involving Plaintiff Pim Shih and on-site retail personnel.
2. **"PMA"** refers to the Amended & Restated Property Management Agreement dated April 7, 2022, governing retail operations at CM Retail Component located at Case No. 1:25-cv-07671-JPC-SDA, at **Docket Entry 15, Exhibit A**.
3. **"CM Retail Component"** shall have the same meaning as defined in the PMA.
4. **"Identify"** when used in reference to an individual means to state their full name, job title, employment dates, business address, and direct supervisor.
5. **"Document"** has the same comprehensive meaning as defined in Federal Rule of Civil Procedure 34(a)(1)(A).
6. **"DEFENDANT," "YOU," or "YOUR"** shall mean Defendant Jamestown, L.P., its parent corporations, subsidiaries, affiliates, predecessors, successors, and specifically includes **Jamestown Commercial Management Company, L.P. (JCMC)**, as well as all officers, directors, employees, agents, property managers, and representatives acting on behalf of any of these entities.
7. "**Jamestown Entities**" means collectively Defendant Jamestown L.P., Defendant Jamestown Commercial Management Company L.P. ("JCMC"), and any of their respective parents, subsidiaries, divisions, affiliates, predecessors, successors-in-interest, agents, property-management contractors, and any entity whose acts or omissions are imputed to Defendants under agency or alter-ego principles.
8. **"THE AGREEMENT" or "PMA"** shall mean the Amended and Restated Property Management Agreement executed between Manhattan Chelsea Market LLC and Jamestown Commercial Management Company, L.P. (p. 28), including all amendments, exhibits, and operational guidelines.
9. "Including" means "including, but not limited to."
10. "Possession, custody or control" means information or documents that Defendant or any Jamestown Entity possesses, or has the legal authority to obtain, regardless of whether physical custody resides with a related corporate affiliate, agent or contractor. All answers shall include information within Defendant's possession, custody or control.

**Exhibit 3: Plaintiff's First Set of RFD (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**LIST OF REQUESTS FOR PRODUCTION (RFD)**

REQUEST FOR PRODUCTION NO. 1: PRODUCE any and all formation documents, operating agreements, partnership agreements, articles of organization, bylaws, and corporate resolutions for Jamestown L.P. and Jamestown Commercial Management Company L.P.

REQUEST FOR PRODUCTION NO. 2: PRODUCE any and all organizational charts, corporate reporting matrices, and staff rosters outlining the relationship between Jamestown LP and JCMC, including all executive oversight lines for the CM Retail Component.

REQUEST FOR PRODUCTION NO. 3: PRODUCE a full executed copy of the Amended & Restated Property Management Agreement dated April 7, 2022 between Manhattan Chelsea Market LLC and JCMC, including all exhibits, schedules, amendments, addendums, and confidentiality attachments.

REQUEST FOR PRODUCTION NO. 4: PRODUCE any and all side letters, oral agreement memorializations, or supplementary contracts modifying the PMA's personnel, compliance, customer grievance, or retail operational control provisions.

REQUEST FOR PRODUCTION NO. 5: PRODUCE any and all communications (including emails, letters, and meeting notes, and internal chat logs such as Slack or Microsoft Teams**)** between Jamestown LP, JCMC, and Artists & Fleas (CM Retail Component) discussing JCMC's authority to supervise, train, or discipline retail tenant employees at Artists & Fleas from 2024–2025.

REQUEST FOR PRODUCTION NO. 6: PRODUCE any and all documents confirming JCMC's exclusive duty under the PMA to ensure compliance with federal, state, and local civil rights statutes for all retail vendors within the CM Retail Component.

REQUEST FOR PRODUCTION NO. 7: PRODUCE any and all employee handbooks, manager training guides, mandatory anti-discrimination training slides/videos, and written conduct policies JCMC required all CM Retail Component retail on-site staff (including Artists & Fleas managers) to complete before August 26, 2025.

REQUEST FOR PRODUCTION NO. 8: PRODUCE any and all training attendance logs, completion records, and disciplinary write-ups for every Artists & Fleas on-site manager employed at Chelsea Market in 2025, including the manager who interacted with Plaintiff.

REQUEST FOR PRODUCTION NO. 9: PRODUCE any and all customer complaint tracking logs, incident report forms, and internal investigation protocols JCMC uses to document reports of racial, ethnic, or religious discrimination by retail staff.

REQUEST FOR PRODUCTION NO. 10: PRODUCE any and all written communications, meeting agendas, or compliance audit results from Jamestown LP to JCMC regarding monitoring tenant employee bias or public accommodation discrimination risks at the CM Retail Component.

REQUEST FOR PRODUCTION NO. 11: PRODUCE any and all emails, attachments, internal notes, corporate file entries, internal chat logs (including Slack or Microsoft Teams), or text messages generated by Jamestown LP or JCMC referencing Plaintiff's August 29, 2025 and September 3, 2025 discrimination complaint emails.

REQUEST FOR PRODUCTION NO. 12: PRODUCE any and all internal investigation records, witness interviews, manager statements, or disciplinary files created by Jamestown LP or JCMC concerning the August 26, 2025 incident at Artists & Fleas.

REQUEST FOR PRODUCTION NO. 13: PRODUCE any and all correspondence, including text messages and internal corporate chat messages (such as Slack or Microsoft Teams), between Jamestown/JCMC and Artists & Fleas management discussing the discriminatory incident involving Plaintiff.

REQUEST FOR PRODUCTION NO. 14: PRODUCE full copies of every email received by Defendants from Plaintiff on August 29, and September 3, 2025, as maintained in Defendants' active email servers, including full system metadata headers, internal distribution lists, routing logs, and any electronic attachments

REQUEST FOR PRODUCTION NO. 15: PRODUCE any and all outgoing emails, phone logs, or formal letters Jamestown sent to Artists & Fleas management regarding Plaintiff's allegations of racial discrimination after Plaintiff filed his complaints.

REQUEST FOR PRODUCTION NO. 16: PRODUCE any and all communications between Artists & Fleas and Jamestown LP discussing the manager who confronted Plaintiff, including requests for manager statements or disciplinary records.

REQUEST FOR PRODUCTION NO. 17: PRODUCE any and all New York State Division of Human Rights filings, confirmations, or correspondence referencing Report #10254470 that your company received from Plaintiff or state agencies.

REQUEST FOR PRODUCTION NO. 18: PRODUCE any and all internal Artists & Fleas incident reports written about the August 26, 2025 confrontation with Plaintiff.

REQUEST FOR PRODUCTION NO. 19: PRODUCE any and all anti-discrimination training materials and sign-off acknowledgment forms Artists & Fleas required their on-site managers to complete prior to August 26, 2025.

REQUEST FOR PRODUCTION NO. 20: PRODUCE any and all customer grievance tracking logs where Jamestown logged Plaintiff's August/September 2025 discrimination submissions.

**Exhibit 3: Plaintiff's First Set of RFD (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

REQUEST FOR PRODUCTION NO. 21: PRODUCE the full unedited CCTV footage from 2:00 PM to 2:30 PM on August 26, 2025 covering the entire sales floor, including all non-Asian patrons present alongside Plaintiff.

REQUEST FOR PRODUCTION NO. 22: PRODUCE any and all screenshots or still images captured on August 26, 2025 showing non-Asian customers freely shopping without staff interference.

REQUEST FOR PRODUCTION NO. 23: PRODUCE any and all written staff handbooks, manager guidelines, and posted customer rules governing when patrons may be removed, effective August 26, 2025.

REQUEST FOR PRODUCTION NO. 24: PRODUCE any and all 2023–2025 anti-discrimination training materials addressing equal treatment of Asian and non-Asian shoppers.

REQUEST FOR PRODUCTION NO. 25: PRODUCE complete incident logs tracking every customer ejection at the facility from January 1, 2023 through December 31, 2025, including any fields or entries identifying or describing the characteristics, demographics, or appearance of the ejected individuals, along with the stated reason for removal.

REQUEST FOR PRODUCTION NO. 26: PRODUCE any and all written complaints submitted to the facility or Jamestown by customers alleging wrongful ejection, racial mistreatment, or discrimination, from January 1, 2023 through December 31, 2025.

REQUEST FOR PRODUCTION NO. 27: PRODUCE any and all non-privileged internal memos and management meeting records created after Plaintiff's complaints analyzing the different treatment afforded to Asian patrons (Plaintiff) versus non-Asian patrons on August 26, 2025.

REQUEST FOR PRODUCTION NO. 28: PRODUCE any and all written statements from the involved manager addressing why non-Asian customers were permitted to stay while Plaintiff was expelled.

REQUEST FOR PRODUCTION NO. 29: PRODUCE full copies of all Employment Practices Liability Insurance (EPLI) policies maintained by Jamestown LP and JCMC covering third-party discrimination claims arising at Chelsea Market, including complete declarations pages, endorsements, and loss reporting requirements.

REQUEST FOR PRODUCTION NO. 30: PRODUCE the full executed original retail lease between Manhattan Chelsea Market LLC and Artists & Fleas Chelsea Market, including all schedules, exhibits, addendums, amendments, side letters, and 2018–2025 revisions.

**Exhibit 3: Plaintiff's First Set of RFD (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

REQUEST FOR PRODUCTION NO. 31: PRODUCE any and all communications (including emails, letters, and meeting minutes) between Jamestown entities, Manhattan Chelsea Market LLC, and Artists & Fleas discussing lease provisions governing anti-discrimination obligations for store staff.

REQUEST FOR PRODUCTION NO. 32: PRODUCE any and all lease audit reports, compliance checklists, or violation notices Jamestown issued to Artists & Fleas referencing failure to comply with public accommodation civil rights rules.

REQUEST FOR PRODUCTION NO. 33: PRODUCE any and all written CCTV surveillance policies, retention schedules, automatic deletion protocols, backup procedures, and preservation rules for incidents involving customer altercations or discrimination effective August 2025.

REQUEST FOR PRODUCTION NO. 34: PRODUCE any and all internal Jamestown or Artists & Fleas emails, IT service tickets, server logs, or staff memos discussing the status, availability, extraction, viewing, retention, or loss of the August 26, 2025 surveillance footage.

REQUEST FOR PRODUCTION NO. 35: PRODUCE any and all written preservation notices Jamestown sent to Artists & Fleas ordering the retention of incident-related surveillance video after Plaintiff's complaints.

REQUEST FOR PRODUCTION NO. 36: Any and all handbooks, standard operating procedures (SOPs), code of conduct manuals, public safety guidelines, and internal marketplace rulebooks issued, maintained, or enforced by you or your property management personnel at Chelsea Market in effect during August 2025 (pp. 32-33). This request explicitly includes all policies regarding tenant-customer dispute resolution, security intervention, anti-discrimination guidelines, and the ejection or removal of patrons from the common or leased retail premises

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to serve your written responses and objections, and to produce all requested documents and things described herein, to the Plaintiff within thirty (30) days after the service hereof, at the address listed below, or at such other place and time as agreed upon by the parties.

Dated: August 19, 2026

Respectfully submitted,

______________________

Pim Shih
Plaintiff, Pro Se
6 Pine Tree Terrace
Holmdel , NJ 07733
pimshihmain@gmail.com

**Exhibit 3: Plaintiff's First Set of RFD (Draft, August 19 2026).**
**Prepared for Rule 26(f) meet-and-confer; NOT formally served under FRCP 33.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Shih v. Artists & Fleas Chelsea Market et al
Case 1:25-cv-07671-JPC-SDA

**CERTIFICATE OF SERVICE**
I hereby certify that on this 19 day of August, 2026, a true and correct copy of the foregoing Plaintiff's First Set of Request for Production of Documents was served upon counsel for Defendant via email addressed to:
Maria Papasevastos
Seyfarth Shaw LLP

Pim Shih
Plaintiff, Pro Se